## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CYNTHIA M. ERICKSON,** | Civ. No. 19-13642 (KM) (MAH) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **ENVIRONMENTAL RESOURCES MANAGEMENT, SHELL/MOTIVA, PPG, GE** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Cynthia Erickson, filed this action against Environmental Resources Management, Shell/Motiva, PPG, and GE.[1] (Compl. 1) For the reasons explained below, the Complaint in this matter (DE 1) will be dismissed on *in forma pauperis* ("IFP") screening for failure to state a claim, without prejudice.

### I.   Summary

Erickson filed the Complaint on June 11, 2019. (Compl.) On June 24, 2019, the Court granted Erickson's application to proceed IFP without payment of fees under 28 U.S.C. § 1915. (DE 3.) On the same date, the Court stayed the service of summons pending an initial screening under 28 U.S.C. § 1915A. (DE 2.)

---

[1]   Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"Compl." = Complaint

## II.    Discussion

Because the Court has granted IFP status, I am obligated to screen the allegations of the Complaint to determine whether it

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna,* No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), report and recommendation adopted, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

### a.  Jurisdiction

This Complaint fails to state a claim based on federal question jurisdiction, which is the only source of jurisdiction cited by Erickson. (Compl. at 2.) She offers no allegations in support of that proposition and cites to no federal laws or United States Constitutional provisions which apply to this case. I therefore find there is no subject matter jurisdiction on that basis.

Although it is not raised, I nevertheless consider diversity jurisdiction.[2] Diversity jurisdiction requires complete diversity of citizenship between the parties and that the plaintiff be seeking more than $75,000 in damages. 28 U.S.C. § 1332 (a). Erickson was domiciled in New Jersey at the time she filed

---

[2] *Pro se* complaints "should be construed liberally," so I will consider possible bases for jurisdiction that Erickson as a non-lawyer failed to identify on her own. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

suit,[3] and is bringing suit against defendants located in Massachusetts, Louisiana, and Texas. (Compl. at 2) Assuming that they are citizens of those states, she would satisfy the requirement of complete diversity. At the very least, I would not dismiss on these grounds at the screening stage, without further jurisdictional discovery.

This complaint further satisfies the requirement that the plaintiff be seeking more than $75,000 in damages. 28 U.S.C. § 1332(a)(1). Specifically, she alleges that the defendants have engaged in a campaign of harassment against her by breaking into her home and breaking into and tampering with her car. (Compl. at 3.) She alleges that she has suffered injuries including "All[;] fear[;] threats/bodily injury dept FBI damage to home & car" which occurred over the course of 19 years, and seeks as compensation "Full extent of the law[;] civil + criminal + mental & emotional damages," asserting that such claims can result in twenty-to-forty million dollar judgments. (Compl. at 4.) It is not implausible that *if* the defendants harassed her for 19 years as alleged, she could have suffered damages in excess of $75,000. *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 397 (3d Cir. 2016) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated") (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)); *id.* at 395–96 (while party asserting jurisdiction bears burden of proving it, that burden is not

---

[3] While Erickson claims that she lives in Massachusetts, her *in forma pauperis* application discloses that she simply intends to relocate there, but has not moved there yet. (DE 1-2.) That is insufficient to establish domicile. *See McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (to change domicile, an individual must "take up residence at the new domicile") (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The intention and the act must concur in order to effect such a change of domicile as constitutes a change of citizenship")); *see also Vaughn v. Vaughn*, 674 Fed. Appx. 145, 146 (3d Cir. 2017) ("it is the citizenship of the parties at the time the action is commenced which is controlling" so "Vaughn's mere expression of intent to take up residence in Maine, without more, is insufficient to establish his domicile there."). Furthermore, if Erickson was domiciled in Massachusetts, I would lack diversity jurisdiction because she would then share a state of domicile with GE, thus defeating diversity. (Compl. at 2.)

onerous and is satisfied if amount is not legally certain to be less than $75,001).

Jurisdictional discovery might undermine any such conclusion, but at the screening stage, I find that jurisdiction has been adequately alleged.

### b. Plausibility of Erickson's Allegations

I therefore move to the merits. I conclude Erickson has failed to plausibly plead her claim. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is 'plausible on its face.'" *Id.* at 570. That facial plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a plaintiff alleging a conspiracy must "plead more than 'vague inferences and allegations.'" *Abulkhair v. United States Postal Serv.*, 2015 U.S. Dist. LEXIS 23914 at *4–5 (D.N.J. Feb. 27, 2015) (quoting *Coulter v. Allegheny Cnty. Bar Ass'n*, 496 F. Appx. 167, 169 (3d Cir. 2012)). While *pro se* complaints are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Pardus*, 551 U.S. at 93–94, they still "must meet some minimal standard," and a "litigant is not absolved from complying with Twombly and the federal pleading requirements merely because s/he proceeds pro se," *Thakar v. Tan*, 732 F. Appx. 325, 328 (3d Cir. 2010).

The basic thrust of Erickson's allegations is that the defendants have engaged in a campaign of "environmental intimidation" against her in retaliation for her refusing to "falsify data going to state & federal authorities." (Compl. at 3.) She claims that the defendants have broken into her car and home, tampered with her car, and threatened her for nineteen years, most recently starting again after "f[i]nd[ing]" her in March of 2018 in Woodstock,

Massachusetts. (*Id.*) Absent from her complaint, however, are any specifics which might raise her claims from mere conclusory statements or "'naked assertions' devoid of 'further factual enhancement.'" *Abulkhair*, 2015 U.S. Dist. LEXIS 23914 at *4 (quoting *Iqbal*, 556 U.S. at 662).

Her allegations do not specify who broke into her car or home, what tampering occurred with her car, what threats were sent to her from the defendants, or any dates on which any of these actions occurred. She alleges no facts connecting these acts, assuming they occurred, to these defendants. Instead, she only "generally state[s] that it has been occurring" for nineteen years. *Id.* at 6–7. Without such allegations, all that I can glean from these facts is that Erickson's car was broken into and that she has decided on her own that it was the defendants rather than, say, local petty criminals who are responsible. The complaint does not supply facts from which I can draw reasonable inferences in support of these claims.

### III.    Conclusion

For the reasons stated above, the complaint is DISMISSED without prejudice upon initial screening pursuant to 28 U.S.C. § 1915(e). An appropriate order accompanies this opinion.

Dated: January 12, 2021


/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**


5